UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TEFIDA, ZAO, and MARINE FISHING INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> 1,925 CARTONS OF CRAB, and ALYE PARUSA LIMITED LIABILITY COMPANY, <br><br> Defendants, <br> and <br> MARINE TREASURES, INC., <br><br> Claimant. | IN ADMIRALTY <br><br> NO. C13-464 RSM <br><br> ORDER GRANTING IN PART MOTION FOR INTERLOCUTORY SALE AND SETTING TRIAL DATE |

## I. INTRODUCTION

On March 15, 2013, the Court ordered the arrest and attachment of *in rem* Defendant 1,925[1] Cartons of Crab (the "Crab") by the United States Marshals Office upon the *ex parte* motion of Plaintiffs Zao, Tefida ("Tefida") and Marine Fishing International,

---

[1] The original number of cartons was 1,925. Once the Crab was in custodial possession, Plaintiff Tefida discovered fourteen additional cartons and moved the Court to arrest those as well. Dkt. ## 16-18, 19-20.

ORDER - 1

Inc. ("MFI"). Dkt. # 12. Marine Treasures, Inc. ("Marine Treasures") moved to intervene in this admiralty action to contest rightful ownership of the Crab. The Court granted the motion to intervene and set a hearing to give Marine Treasures the opportunity to contest the propriety of attachment and arrest of the Crab, as provided for under Fed. R. Civ. P. Supp. R. E(4)(f). The Court held the Rule E hearing on July 30, 2013, wherein Marine Treasures moved to vacate the arrest and attachment. The Court then denied the motion to vacate. Plaintiffs have now moved for an interlocutory sale of the Crab, while Marine Treasures now moves the Court to set an abbreviated trial schedule. For the reasons set forth below, Plaintiffs motion for interlocutory sale shall be granted in part and deferred in part and Marine Treasure's motion shall be granted in part. Trial shall be set for July 28, 2014.

## II. BACKGROUND

The facts of the case are familiar to both the Court and the parties. In brief, Tefida, a company formed under the laws of the Russian Federation, and MFI, a Nevada corporation, brought suit against the Crab, *in rem*, and against Alye Parusa LLC (Alye) *in personam*, under Rules B and D of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and Fed. R. Civ. P. 9(h). Tefida claims that it is the rightful owner of 1,353 cartons of Crab pursuant to a Time Charter agreement with Alye. MFI claims that Alye is in breach of an agency agreement, which entitles it to attach the remaining 586 cartons of Crab as an asset of Alye to be sold to satisfy Alye's contract obligation. Dkt. # 16. Alye has not appeared in this action and default was entered against it on September 12, 2013. *See* Dkt. ## 52, 53. Marine Treasures timely moved to intervene

after the USMO posted the notice of arrest and attachment. It claimed that it is the rightful owner of the Crab under two February 25, 2013 sales contracts, and that Tefida has misrepresented its interest in the Crab.

Now, Plaintiffs request that the Court issue an order authorizing the interlocutory sale of the 1,939 cases of Crab. Dkt. # 55. Marine Treasures moves the Court for an expedited trial date to resolve the parties' claims to the Crab. Dkt. # 54.

### III. DISCUSSION

Supplemental Admiralty Rule E(9) permits interlocutory sale of arrested or attached property in the event that (1) the property is perishable, or liable to deterioration, decay, or injury by being in custody pending the action; (b) the expense of the keeping the property is excessive or disproportionate; or (c) there is an unreasonable delay in securing release of the property. Fed. R. Civ. P. Supp. R. E(9). Upon finding any of the factors present in a particular case, the court may order an interlocutory sale of the property. *Caterpillar Financial Services Corp. v. Coleman*, 2000 AMC 539 (C.D. Cal. 1999) (citing *Merchants Nat'l Bank of Mobile v. Dredge General G.L. Gillespie*, 663 F.2d 1338, 1341 (5th Cir. 1981) and *Silver Star Enterprises, Inc. v. M/V Saramacca*, 19 F.3d 1008, 1014 (5th Cir. 1994)). Plaintiff contends that each of the factors are present here because (1) the Crab is perishable, likely to deteriorate, and subject to depreciation, (2) the monthly cost of maintaining the Crab is almost $3,000 per month, and (3) more than six months have passed since the initial arrest and attachment and no party has obtained the Crab's release.

Marine Treasures contends that "the simplest way to get the most value for the crab is to have an early trial." Dkt. # 58, p. 1. It believes that Plaintiffs' assessment of the crab

ORDER - 3

depreciating value is "pessimistic"; that storage costs of almost $3,000 per month are not excessive or disproportionate; and that it has diligently sought release of the Crab since it became a claimant in this case.

Although the parties dispute whether interlocutory sale is proper, each agrees that expeditiously obtaining the highest value for the Crab is in each party's best interest. The Court noted concern over the Crab's perishable nature and potential depreciation at two separate hearings. Counsel represented each time that they thought an agreement for sale could be reached without the Court's intervention. That counsel have failed to resolve this issue months ago is, at the very least, disappointing. The motion for interlocutory sale shall be granted in part, for the purpose of directing the parties to negotiate a private sale. Should the parties fail to come to an agreement, Plaintiffs' request to sell the Crab via a Marshal's auction as provided for under Rule E(9), will be deferred until after the parties submit a joint status report within thirty (30) days of this Order.

The Court also finds that setting a firm scheduling order and trial date is warranted under the circumstances. Ordinarily, the Court's scheduling order permits a period of roughly six months to conduct discovery. Here, the parties have been engaging in discovery for at least eight months. The earliest trial date that will accommodate the Court's current trial calendar, however, is July 28, 2014. Under the Court's standard scheduling order, a July 28, 2014 trial date will set the discovery deadline at March 31, 2014, which should give Plaintiffs sufficient time to address any outstanding discovery issues. A scheduling order will be issued promptly upon receipt of the parties' Combined

ORDER - 4

Joint Status Report and Discovery Plan as Required by FRCP 26(f) and Local Civil Rule 26(f).

## IV. CONCLUSION

Having considered the motions, the responses and replies thereto, the declarations and attached exhibits, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Marine Treasure's Motion for Early Trial Date (Dkt. # 54) is GRANTED IN PART. Trial will be set in this matter for July 28, 2014;

(2) Plaintiffs' Motion for Interlocutory Sale (Dkt. # 55) shall be GRANTED IN PART and DEFERRED IN PART as discussed above;

(3) The parties are directed file a joint status report within <u>thirty (30) days of the date of this ORDER</u>.

DATED this 30th day of January 2014.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE